On respondent's petition for reconsideration filed Septempber 16, reconsideration allowed, former opinion (92 Or App 549, 759 P2d 312) clarified and adhered to October 26, 1988

HOCKS,
*Appellant,*

*v.*

JEREMIAH,
*Respondent.*

(8510-06128; CA A43326)

763 P2d 193

Argued and submitted April 15, 1988.

Ferris F. Boothe, Portland, for petitioner.

Before Warren, Presiding Judge, and Rossman and Riggs, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant Jeremiah has filed a petition for review of our opinion in this case. 92 Or App 549, 759 P2d 312 (1988). We treat this as a petition for reconsideration, ORAP 10.10, and allow it for the purpose of addressing certain contentions regarding our discussion of the burden of proof.

In our opinion, we stated that when, in an action for replevin, the defendant raises "gift" as an affirmative defense, she has the burden of proving it by clear and convincing evidence. *See Johnson v. Steen,* 281 Or 361, 368, 575 P2d 141 (1978). As to all but the first four bonds, we concluded that, although the deceased may have intended to make a gift of the property, there was no clear and convincing evidence that he parted with possession and control. *Johnson v. Steen, supra,* 281 Or at 369. We held, therefore, that the evidence was insufficient to enable the trier of fact to find that he had made a gift of the property.

Defendant argues that plaintiff, as the party claiming conversion and seeking replevin, has the burden to prove that the property subject to dispute was not rightfully in defendant's possession and that, in defending the claim, defendant could offer any evidence to negate it. She contends that we incorrectly placed on her the burden to prove the elements of a gift by clear and convincing evidence.

Plaintiff made a *prima facie* case for conversion and replevin when she offered evidence that the property in the safety deposit box was purchased by the deceased, that it was in his possession and control at the time of his death and that defendant appropriated it. We agree with defendant that she need not have raised the claim of a gift to her as an affirmative defense and that, by virtue of her general denial, she could have offered, and the trial court could have considered, any relevant evidence in defense of the plaintiff's claims. *See* ORCP 19. On this record, the trial court could have found either way on the question whether defendant converted the property. What it could *not* find however, is that the evidence was sufficient to establish a gift. As we held in our former opinion, whether or not the deceased intended to make a gift, there is no evidence that he gave up possession and control of the property.

Reconsideration allowed; former opinion clarified and adhered to.